UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT WOMACK,**<br><br>　　　　Plaintiff,<br>v.<br><br>**VERIZON WIRELESS (VAW) LLC,**<br><br>　　　　Defendant. | Civil Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant Verizon Wireless (VAW) LLC's ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Over approximately the past year, Defendant has placed dozens, if not hundreds, of calls to Plaintiff Robert Womack's cellular telephone without his prior express consent.

3. These calls were an effort to collect a debt from a third-party ("Veronica") with whom Plaintiff has no affiliation.

4. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

5. Most of these calls were made using a prerecorded voice.

6. Furthermore, the calls continued after Plaintiff informed Defendant on multiple occasions that it had the wrong number.

7. Defendant's actions violate the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has personal jurisdiction over Defendant because Defendant is headquartered in this District and Defendant conducts significant amounts of business within this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District and because Defendant is headquartered in this District.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Waco, Texas.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

13. Defendant Verizon Wireless (VAW) LLC is, and at all times mentioned herein was, a corporation headquartered at One Verizon Way, Basking Ridge, New Jersey 07920. Defendant conducts significant business in New Jersey, Texas, and nationwide.

14. Defendant Verizon Wireless (VAW) LLC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

15. For approximately the past year, Defendant has placed dozens of telephone calls to Plaintiff's cellular telephone number 254-###-7777.

16. Plaintiff relies upon his cellular telephone for making and receiving both personal and business telephone calls.

17. These calls originated from several of Defendant's telephone numbers, including, but not limited to, 832-266-1105 and 832-266-1205.

18. These calls were all in an effort to collect a debt from a third-party named Veronica with whom Plaintiff has no affiliation.

19. The Third Circuit has held that regardless of who is the intended recipient of a particular phone call, "[i]t is the actual recipient, intended or not, who suffers the nuisance and invasion of privacy" and thus has standing to bring a TCPA claim. *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 326 (3d Cir. 2015); *see also*, *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268-69 (3d Cir. 2013) (equating "called party" with "recipient").

20. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. This is evidenced by the fact that on each of these calls, when Plaintiff answered, he was greeted by a period of silence, typically followed by an audible click before Defendant's system would begin to play a prerecorded voice. This behavior is indicative of an automatic telephone dialing system.

22. Furthermore, Plaintiff answered a large number of the calls, and, on most occasions, was greeted by a prerecorded voice.

23. Plaintiff knew that this voice was a prerecorded voice because of the unnatural

sound and intonations of the voice given the context, the inability to interrupt the voice verbally or to get a verbal response, the similarity of the message each time Plaintiff answered, and his general experience with what normal human interactions sound like.

24. Plaintiff never gave Defendant his prior express consent to make such calls to his cellular telephone.

25. In addition, Plaintiff informed Defendant on multiple occasions that it had the wrong number.

26. Nonetheless, the calls continued.

27. Defendant's actions were willful because Defendant made the calls of its own volition.

28. Defendant's actions were knowing because Defendant knew it was calling a cellular telephone (because, on information and belief, it was calling a number identified in its records as a cellular telephone), knew it was using an automatic telephone dialing system, and knew it did not have consent.

29. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to, device storage, data usage, plan usage, tying up his telephone line, with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, and the invasion of his privacy by calls continuing after he informed Defendant that it had the wrong number.

30. These forms of actual injury are sufficient for Article III standing purposes.

31. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief.

32. On March 28, 2016, Plaintiff successfully opted out of the class action settlement

reached in *Lofton v. Verizon Wireless (VAW) LLC*, Case No. 13-cv-05665 (N.D. Cal.).[1]

33. Plaintiff respectfully reserves the right to seek leave to amend his complaint to add a claim for class relief.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendant placed repeated calls to Plaintiff on his cellular telephone number.

36. As alleged, these calls all used an "automatic telephone dialing system."

37. Plaintiff did not provide Defendant with prior express consent to call his cellular telephone.

38. Defendant continued to call Plaintiff after Plaintiff informed Defendant that it had the wrong number.

39. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert Womack prays for the following relief:

A. An order declaring that Defendant's actions violate the aforementioned laws and

---

[1] It is unclear if Plaintiff was a class member of this settlement, but he excluded himself to avoid any issues.

statutes;

  B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

  C. An award statutory damages;

  D. An award of treble damages;

  E. An award of actual damages;

  F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** March 29, 2016    */s/ Jeremy M. Glapion*
              Jeremy M. Glapion
              **THE GLAPION LAW FIRM, LLC**
              1704 Maxwell Drive
              Wall, New Jersey 07719
              Tel: 732.455.9737
              Fax: 732.709.5150
              jmg@glapionlaw.com

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Jeremy M. Glapion, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

**Dated:** March 29, 2016

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com